5ns136
48  504

The court of probates has jurisdiction of applications for the interdiction of insane persons.

STAFFORD vs. STAFFORD.

APPEAL from the court of the sixth district.

MARTIN. J. delivered the opinion of the court. This action was instituted to obtain an interdiction for insanity. in the parish court. It supported a plea to its jurisdiction, and its judgment was affirmed in the district court and the plaintiff has appealed to this.

We are of opinion the case is cognizable in the court of probates. It is true that the civil code 78, art. 5, declares that every interdiction shall be pronounced by the judge of the parish of the domicil or residence of the person to be interdicted. This judge is to appoint an administrator to protect the estate 'till judgment, and afterwards a curator.

The object of the legislature, here, was to define the parish in which the interdiction was to be provoked. The judge of that parish, in his capacity of judge of probates, ap-

points curators of vacant estates, absent heirs, minors and other persons.  *Act of* 1820, *p.* 92.

The insanity which renders necessary the appointment of a curator, ought therefore to be ascertained by the judge of the parish, in that capacity in which he is to oversee the administration of the estate of the insane person, by a curator.   It is, therefore, in his capacity of judge of probates, that he ought to be applied to, to pronounce the interdiction.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Baldwin* & *Bullard* for the plaintiff, *Boyce* & *Thomas* for the defendant.